**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY

                                  :
IN RE JOHN CORIO and HOLLY        :  Bankruptcy No. 02-58331 (RTL)
CORIO,                            :  Adv. Proc. No. 07-1899 (RTL)
                                  :
     Debtors.                     :
_____:
                                  :
MADGE ROSENBERG and               :  CIVIL ACTION NO. 07-5864 (MLC)
LAURENCE ROSENBERG,               :
                                  :
     Appellants,                  :     MEMORANDUM OPINION
                                  :
     v.                           :
                                  :
JOHN CORIO and HOLLY CORIO,       :
                                  :
     Appellees.                   :
_____:
```

**COOPER, District Judge**

John Corio and Holly Corio ("debtors") filed a voluntary bankruptcy petition under chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § ("Section") 101, et seq. ("Bankruptcy Code"), on August 6, 2002. See Bankr. No. 02-58331, dkt. entry no. 1, Pet. On November 29, 2006, the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") entered an order granting creditors Madge Rosenberg and Laurence Rosenberg ("appellants") relief, including retroactive relief, from the automatic stay. Id., dkt. entry no. 65, 11-29-06 Ord. This order allowed appellants to pursue entry of judgment in a state court action against debtors. Id. Debtors

then converted their chapter 13 case to a chapter 7 case.  See Bankr. No. 02-58331, dkt. entry no. 73, Final Decree.

Appellants obtained a state court judgment against debtors after the conversion to chapter 7 in the amount of $130,000.00. See Bankr. Adv. Proc. No. 07-1899, dkt. entry no. 1, Compl., at 5.  On July 12, 2007, appellants brought an adversary proceeding against debtors seeking a declaration that (1) appellants' judgment lien against debtors' real property is valid, (2) appellants' judgment lien against debtors' real property is not discharged by debtors' bankruptcy proceeding, (3) debtors' personal liability to appellants is not discharged by debtors' bankruptcy proceeding, and (4) the Bankruptcy Court lacks jurisdiction over debtors' real property that is subject to appellants' judgment lien.  See Compl., at 6-8.  Debtors responded by moving to dismiss and to discharge the debt and void appellants' judgment lien.  Bankr. Adv. Proc. No. 07-1899, dkt. entry no. 3, Mot. to Dismiss.

The Bankruptcy Court held a hearing on September 10, 2007 ("9-10-07 Hearing").  (Dkt. entry no. 14, Appellants' Br., at 7.) Thereafter, the Bankruptcy Court entered an Order for Judgment and to Avoid Judicial Lien on October 25, 2007 ("10-25-07 Order") in which the Bankruptcy Court determined that (1) it had jurisdiction to decide whether the appellants' judicial lien is avoidable under 11 U.S.C. § 522(f), (2) appellants' claim is

dischargeable under 11 U.S.C. § 348(d) and 11 U.S.C. § 727(b) and will be discharged upon entry of the order of discharge, (3) appellants' state court judgment against debtors does not violate the Bankruptcy Code, and (4) appellants' judicial lien is avoided under 11 U.S.C. § 522(f). Bankr. Adv. Proc. No. 07-1899, dkt. entry no. 11, 10-25-07 Ord. Appellants now appeal from the 10-25-07 Order. For the reasons stated herein, the Court will (1) affirm the portion of the 10-25-07 Order discharging appellants' claim against debtors, and (2) dismiss the portion of the appeal pertaining to the Bankruptcy Court's decision that appellants' judicial lien is avoided under 11 U.S.C. § 522(f), without prejudice to move to reinstate the appeal.

## BACKGROUND

### I. Preparation of the Record on Appeal

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8006 requires appellants, within ten days after filing a notice of appeal, to "file with the [Bankruptcy Court] clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed.R.Bankr.P 8006. Bankruptcy Rule 8006 also states that "[w]ithin 10 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal." Id. In addition to the items designated by the parties and a

3

statement of issues, Bankruptcy Rule 8006 further requires that the record contain the "notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the [Bankruptcy Court]." Id.  Bankruptcy Rule 8006 also directs appellants to (1) "provide to the [Bankruptcy Court] clerk a copy of the items designated," and (2) arrange for any transcripts to be delivered to the clerk.  Id.[1] The rule also instructs all parties to "take any other action necessary to enable the [Bankruptcy Court] clerk to assemble and transmit the record." Id.

Appellants have failed to comply with the requirement of Bankruptcy Rule 8006 to provide the Court with an adequate record.  Appellants have the burden to provide a complete record on appeal.  See, e.g., In re CPDC Inc., 221 F.3d 693, 698 (5th Cir. 2000) (explaining that "[t]he burden of creating an adequate record rests with the appellant" because "the purpose of the record designation requirement is to provide the reviewing court with an adequate basis for evaluating the appellant's claims on appeal").  Appellants complied with part of Bankruptcy Rule 8006 by submitting a designation of issues and items to be included in the record.  (Dkt. entry no. 2, Designation of Items Included in

---

[1] Specifically, Bankruptcy Rule 8006 requires an appellant to "file with the [Bankruptcy Court] clerk a written request for the transcript and ma[k]e satisfactory arrangements for payment of its cost." Fed.R.Bankr.P. 8006.

4

R. on Appeal & Stmt. of Issues.)  Appellants, however, failed to make arrangements for a transcript of the 9-10-07 Hearing, which contains the Bankruptcy Court's findings, conclusions, and reasoning with respect to appellants' adversary complaint and debtors' motion to dismiss and to discharge the debt and void the lien, to be delivered to this Court.  See Fed.R.Bankr.P. 8006 (requiring that record on appeal contain all opinions, findings of fact, and conclusions of law of Bankruptcy Court relating to such appeal).  Appellants should have made arrangements with the Bankruptcy Court clerk to deliver a copy of the 9-10-07 Hearing transcript.  Instead, appellants took insufficient steps to provide the Court with a proper record.  Therefore, the Court has undertaken the task of reviewing the record to the furthest extent possible by relying on the documents listed on appellants' designation of items to be included in the record.

**II.   Factual and Procedural History**

On or about March 10, 2003, appellants brought a civil action against debtors in New Jersey state court, Rosenberg v. Corio, No. OCN-L-729-03 (N.J. Super. Ct. Mar. 10, 2003).  See Bankr. Adv. Proc. No. 07-1899, dkt. entry no. 3, Certification of Debtors.  Appellants and debtors entered into a settlement agreement in the state court action on August 16, 2005, and debtors defaulted on the agreement in September 2005.  (Appellants' Br., at 3.)  Before judgment was entered against

debtors in state court, appellants learned that debtors had filed for bankruptcy and an automatic stay was in place. Id. Appellants then sought relief and retroactive relief from the automatic stay. See Bankr. No. 02-58331, dkt. entry no. 51, Cross-mot. for Relief from Stay. On November 29, 2006, the Bankruptcy Court granted appellants relief, including retroactive relief, from the automatic stay, which allowed them to pursue entry of judgment in their state court action. See 11-29-06 Ord.

Debtors converted their bankruptcy case from chapter 13 to chapter 7 shortly after entry of the 11-29-06 Order. See Final Decree. Following the conversion to chapter 7, debtors moved to reimpose the automatic stay as to appellants. See Bankr. No. 02-58331, dkt. entry no. 83, Mot. to Reimpose Automatic Stay. The Bankruptcy Court denied the motion. Id., dkt. entry no. 91, 3-12-07 Ord. Appellants then obtained a judgment against debtors in the state court action in the amount of $130,000.00. See Compl., at 5.

On July 12, 2007, appellants brought an adversary proceeding against debtors objecting to dischargeability of their claim and seeking a judgment declaring that (1) appellants' judgment lien against debtors' real property is valid, (2) appellants' judgment lien against debtors' real property is not discharged by debtors' bankruptcy proceeding, (3) debtors' personal liability to appellants is not discharged by debtors' bankruptcy proceeding,

and (4) the Bankruptcy Court lacks jurisdiction over debtors' real property that is subject to appellants' judgment lien.  See Compl., at 6-8.  Debtors responded by moving to dismiss and to discharge the debt and void the lien.  See Mot. to Dismiss.  After holding a hearing on September 10, 2007, the Bankruptcy Court entered an order concluding, inter alia, that appellants' claim against debtors is dischargeable under 11 U.S.C. § 348(d) and 11 U.S.C. § 727(b), and appellants' judicial lien is avoidable under 11 U.S.C. § 522(f).  10-25-07 Ord.

Appellants appeal the 10-25-07 Order, arguing, inter alia, that the Bankruptcy Court erred in (1) discharging appellants' claim against debtors, (2) avoiding appellants' judicial lien, and (3) failing to follow In re Wedgewood Realty Group, Ltd., 878 F.2d 693 (3d Cir. 1989).[2]

**DISCUSSION**

**I.   Jurisdiction and Standard of Review**

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees.  28 U.S.C. § 158(a).  A district court reviews a bankruptcy court's "legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof."  In re

---

[2] By failing to include the issue in their brief, appellants have abandoned any claim that the Bankruptcy Court lacked jurisdiction to determine whether appellants' judicial lien on debtors' property is avoidable under 11 U.S.C. § 522(f).

Am. Classic Voyages Co., 405 F.3d 127, 130 (3d Cir. 2005) (quotation and citation omitted); see Fed.R.Bankr.P. 8013 ("On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . .").  Also, the Court, when addressing mixed questions of law and fact, divides the questions into their respective components and applies the appropriate standard to each.  In re Brown, 951 F.2d 564, 567 (3d Cir. 1991).

## II. Legal Standards[3]

### A. Sections 727 and 348

The purpose of the Bankruptcy Code is "to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start."  Ins. Co. of N. Am. v. Cohn (In re Cohn), 54 F.3d 1108, 1113 (3d Cir. 1995).  Section 727 provides that (1) the bankruptcy court must grant the debtor a discharge, and (2) such a discharge "discharges the debtor from[, inter alia,] all debts that arose before the date of the order for relief."  See 11 U.S.C. § 727(a)-(b).  Exceptions to a Section 727 discharge are listed in Section 523.  See 11 U.S.C. §§ 523, 727(b).  A claim not excepted under Section 523 is included in a Section 727(b)

---

[3] The debtors' bankruptcy case was commenced prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  See 109 P.L. 8, 119 Stat. 23 (2005).

8

discharge.  See In re Toms, 229 B.R. 646, 653 (Bankr. E.D. Pa. 1999) (stating that "entry of a discharge order in a chapter 7 case discharges all debts not made non-dischargeable by section 523(a)").  A discharge under Section 727 "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor."  11 U.S.C. § 524(a)(1).

Section 348 details the effect of converting a case to another chapter of the Bankruptcy Code.  Section 348(b) provides that where a case is converted under Section 1307, "the order for relief under this chapter" as used in Section 727(b) means the conversion of the case to chapter 7.  11 U.S.C. § 348(b).  Together, Sections 727 and 348(b) require the discharge of any non-exempted debt incurred before the conversion of the case to chapter 7.  See In re Toms, 229 B.R. at 653; see also Fickling v. Flower, Medalie & Markowitz (In re Fickling), 361 F.3d 172, 174 (2d Cir. 2004) (stating that all debts, other than those listed in Section 523, arising between the filing of the petition and the conversion are dischargeable).

A court may, for cause, order that a date other than the date of conversion be used as the date for the order of relief.  11 U.S.C. § 348(b).  The party seeking to use a date other than the date of conversion must show cause for relief.  In re Toms, 229 B.R. at 656.  "Cause" is not defined in Section 348.

9

Therefore, the court should determine cause based on the totality of circumstances. Cf. Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3d Cir. 1997) (stating that "cause" as used in Section 362(d) of the Bankruptcy Code is not defined and thus should be decided by evaluating the totality of circumstances). Cause may be demonstrated by a showing that debtors acted in bad faith. See In re Toms, 229 B.R. at 657; see also In re Morris, 155 B.R. 422, 426 (Bankr. W.D. Tex. 1993) (interpreting "cause" as used in Section 348(b) and determining that a showing of bad faith may be sufficient cause).

Section 348(d) further provides that where a claim against a debtor arises after debtor filed the bankruptcy petition and before debtor converted the case under Section 1307, the claim is "treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." 11 U.S.C. § 348(d). Section 348(d) does not apply to claims for administrative expenses under Section 503(b). Id. Thus, a claim filed in between debtor's filing of the chapter 13 petition and debtor's conversion of the case to chapter 7 is treated as a pre-petition claim. United Counties Trust Co. v. Knapp (In re Knapp), 137 B.R. 582, 586 (Bankr. D.N.J. 1992).

**B.   Section 522**

A judicial lien against debtors is usually unaffected by a bankruptcy case. SLW Capital, LLC v. Mansaray-Ruffin (In re

10

Mansaray-Ruffin), 530 F.3d 230, 235 (3d Cir. 2008); Lindsey v. Spagnol (In re Lindsey), 313 B.R. 390, 392 (Bankr. W.D. Pa. 2004). A bankruptcy discharge does not discharge a judicial lien, rather, the debtor must affirmatively seek to have the judicial lien extinguished. In re Mansaray-Ruffin, 530 F.3d at 235. A judicial lien may be avoided where it "hinders a debtor's 'fresh start.'" In re Lindsey, 313 B.R. at 392.

Section 522 allows a debtor to avoid a judicial lien on the debtor's property where such lien impairs an exemption to which debtor would otherwise be entitled. See 11 U.S.C. § 522(f). A debtor's entitlement to an exemption is determined as of the date the debtor filed the bankruptcy petition. Walsh v. Helsel (In re Helsel), 326 B.R. 591, 602 (Bankr. W.D. Pa. 2005); see also Wilding v. CitiFinancial Consumer Fin. Servs., Inc. (In re Wilding), 475 F.3d 428, 432-33 (1st Cir. 2007); Canfield v. Orso (In re Orso), 283 F.3d 686, 691-92 (5th Cir. 2002). One such exemption is that an individual debtor may exempt up to $20,200 in value of debtor's aggregate interest in real property that is used as the debtor's residence. See 11 U.S.C. § 522(b), (d). A lien impairs an exemption for purposes of Section 522(f) to the extent that the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property "exceeds the value that the debtor's interest in the property would have in the absence of

11

any liens." 11 U.S.C. § 522(f)(2)(A). The value of debtor's interest in the property absent any liens is generally the fair market value of the property. See In re Lindsey, 313 B.R. at 393; In re Abrahimzadeh, 162 B.R. 676, 677-78 (Bankr. D.N.J. 1994). Furthermore, a judicial lien is avoidable only to the extent that the lien impairs the debtor's exemption in the property. See 11 U.S.C. § 522(f); Menell v. First Nat'l Bank of Boston (In re Menell), 37 F.3d 113, 116 (3d Cir. 1994). Thus, a portion of the lien that does not impair the exemption is not avoidable. See Menell, 37 F.3d at 115.

**III. Legal Standards Applied Here**

    **A.    Application of Sections 727 and 348**

Appellants argue that the Bankruptcy Court erred in its determination that appellants' claim is dischargeable under 11 U.S.C. § 348(d) and 11 U.S.C. § 727(b). (Appellants' Br., at 16-17.) Appellants argue that cause, as used in Section 348(b), exists and prevents the discharge of appellants' claim. Id. The Court, however, finds that the Bankruptcy Court correctly determined that appellants' claim is dischargeable under 11 U.S.C. § 348(b),(d) and 11 U.S.C. § 727(b).

Appellants' claim arose after debtors filed their chapter 13 petition and before debtors converted their case to chapter 7. See Compl., at 2-4. Because this case involves a conversion, Section 348 applies. See 11 U.S.C. § 348. Under Section 348(d),

12

appellants' claim is treated for all purposes as though it had arisen before debtors filed their chapter 13 petition. See 11 U.S.C. 348(d); In re Knapp, 137 B.R. at 586 (treating claim arising in between filing of chapter 13 petition and conversion to chapter 7 as a prepetition claim). Appellants do not argue that their claim is an administrative claim under Section 503(b).

Pursuant to section 348(b) the "order of relief under this chapter" as used in Section 727(b) refers to the date of conversion. See 11 U.S.C. § 348(b). Thus, the date of conversion is used to determine the scope of debtors' Section 727(b) discharge. The Section 727(b) discharge discharged debtors from all debts incurred before the date of conversion, unless the debt was excepted from discharge under Section 523. See 11 U.S.C. § 727(b). Appellants did not argue that their claim should be excepted from discharge under Section 523. Thus, appellants' claim, which arose before debtors converted to chapter 7, is discharged under Section 727(b). See id.; In re Knapp, 137 B.R. at 586 (stating that a debt incurred after the chapter 13 petition was filed and before the case was converted to chapter 7 is dischargeable, unless excepted from discharge under Section 523). The Section 727 discharge relieved debtors from personal liability under appellants' claim. See 11 U.S.C. § 524(a); Starr v. Reynolds (In re Reynolds), 193 B.R. 195, 200 (D.N.J. 1996) (stating that "debtor is released from personal

13

liability on discharged debts"). Therefore, the Bankruptcy Court correctly concluded that appellants' claim is dischargeable under 11 U.S.C. § 727(b) and that the discharge relieved debtors from personal liability on the claim.

Although Section 348(b) allows a court to use a date other than the date of conversion in applying Section 727(b), appellants have not met their burden of showing sufficient cause exists. Appellants have not made a showing that debtors acted in bad faith in converting their case to chapter 7. See In re Toms, 229 B.R. at 657-59 (refusing to find cause where creditor did not show that debtor acted in bad faith in converting the case). Because appellants bear the burden of proving cause exists and they failed to do so, the Bankruptcy Court correctly used the date of conversion in application of Sections 348(b) and 727(b).

**B.   Application of Section 522**

Appellants argue that the Bankruptcy Court erred in concluding that appellants' judicial lien against debtors' property is avoided under 11 U.S.C. § 522(f). (Appellants' Br., at 20.) Appellants argue that debtors' right to an exemption under Section 522 is to be determined as of the date debtors filed the bankruptcy petition. Id. Appellants assert that appellants' judicial lien did not exist at the time debtors filed their petition, and therefore the lien could not impair debtors'

exemption.  Id.  Thus, appellants argue, the lien cannot be avoided under Section 522(f).  Id. at 20-21.

Appellants hold a judicial lien against debtors' residential property.  Therefore, Section 522 may apply and allow debtors to avoid the judicial lien.  See 11 U.S.C. § 522.  Appellants, however, have not provided the Court with the transcript of the 9-10-07 Hearing in which the Bankruptcy Court explained its conclusion that the appellants' lien impaired debtors' exemption in their residence and was avoided under Section 522(f).  See 10-25-07 Ord.  Bankruptcy Rule 8006 explicitly states that an appellant must make arrangements for payment of the costs of a transcript.  Fed.R.Bankr.P. 8006.  Bankruptcy Rule 8001(a) provides the Court with the discretion to dismiss a bankruptcy appeal for an appellant's failure to take a step necessary to perfect the appeal, which includes failing to file a relevant transcript.  Fed.R.Bankr.P. 8001(a).  However, "dismissal of a bankruptcy appeal for failure to comply with a . . . procedural rule is a harsh sanction to be imposed rarely."  In re SB Props., 185 B.R. 198, 201 (E.D. Pa. 1995); see Moxley v. Comer (In re Comer), 716 F.2d 168, 177 (3d Cir. 1983) ("Not every failure to follow procedural rules mandates dismissal of the appeal.").  The 10-25-07 Order does not disclose the factual or legal basis of the Bankruptcy Judge's decision that appellants' judicial lien is

15

avoided. Thus, the Court cannot conduct a meaningful review of this issue without reviewing the transcript of the 9-10-07 Hearing. Accordingly, the Court will dismiss the portion of appellants' appeal from the 10-25-07 Order avoiding appellants' judicial lien under Section 522(f), without prejudice to move to reinstate the appeal after providing the Court with a transcript of the 9-10-07 Hearing.

> C.   **Applicability of In re Wedgewood Realty Group, Ltd.**

Appellants argue that the Bankruptcy Court erred in failing to follow In re Wedgewood Realty Group, Ltd., 878 F.2d 693 (3d Cir. 1989). (Appellants' Br., at 9-10.) Appellants assert that the Bankruptcy Court should have undertaken an analysis under In re Wedgewood Realty before discharging appellants' claim. Id. The Court finds, however, that the Bankruptcy Court correctly determined that In re Wedgewood Realty is distinguishable and does not apply here.

In re Wedgewood Realty involved a court's use of its equitable powers to reimpose a lapsed stay as an injunction. 878 F.2d at 696. The Court in In re Wedgewood Realty determined that a court could reimpose a lapsed stay under Section 105(a) if the debtor applied for injunctive relief and satisfied the standards for injunctive relief. Id. at 701. Thus, under In re Wedgewood Realty, a court must undertake an injunctive relief analysis before it may reimpose a lapsed stay. Id.

16

This action does not involve reimposition of a lapsed stay. Here, the Bankruptcy Court did not reimpose a stay against appellants, but rather, denied debtors' request to reinstate the stay as to appellants. See 3-12-07 Ord.  Furthermore, the Bankruptcy Court determined that appellants' entry of judgment against debtors in state court did not violate the Bankruptcy Code since the judgment was entered after appellants obtained relief from the automatic stay. See 10-25-07 Ord.  Appellants were prevented from satisfying their claim because the claim was ultimately discharged under Section 727, not because a stay was reimposed against them. See id. Because this action did not involve reimposition of an automatic stay, In re Wedgewood Realty does not apply and the Bankruptcy Court was not required to undertake an injunctive relief analysis.  Thus, In re Wedgewood Realty does not prevent the Bankruptcy Court from discharging appellants' claim under Section 727.

## CONCLUSION

The Court, for the reasons stated supra, concludes that the appellants have failed to demonstrate that the Bankruptcy Court erred in discharging appellants' claim under Section 727. Furthermore, the Court concludes that the appellants have failed to provide the Court with an appropriate record to allow the Court to conduct an informed, substantive appellate review.  The Court further finds that dismissal with prejudice would be a

harsh sanction, and thus dismisses the portion of appellants' appeal from the 10-25-07 Order avoiding appellants' judicial lien under 11 U.S.C. § 522(f), without prejudice to move to reinstate once a proper record is provided to the Court.  The Court will issue an appropriate order.


                                         s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated: September 22, 2008