**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| IN RE JOHN CORIO and HOLLY CORIO, | Bankruptcy No. 02-58331 (RTL) <br> Adv. Proc. No. 07-1899 (RTL) |
| Debtors. | |
| MADGE ROSENBERG and LAURENCE ROSENBERG, | CIVIL ACTION NO. 07-5864 (MLC) |
| Appellants, | **MEMORANDUM OPINION** |
| v. | |
| JOHN CORIO and HOLLY CORIO, | |
| Appellees. | |

John Corio and Holly Corio ("debtors") filed a voluntary bankruptcy petition under chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § ("Section") 101, et seq. ("Bankruptcy Code"), on August 6, 2002. See Bankr. No. 02-58331, dkt. entry no. 1, Pet. Creditors Madge Rosenberg and Laurence Rosenberg ("appellants") brought an adversary proceeding against debtors. See Adv. Proc. No. 07-1899, dkt. entry no. 1, Compl. Debtors moved to dismiss and cross-moved to discharge the debt and avoid appellants' judgment lien. See id., dkt. entry no. 3, Mot. to Dismiss.

The Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") entered an Order for Judgment and to Avoid Judicial Lien on October 25, 2007 ("10-25-07 Order") in which the

Bankruptcy Court determined that (1) it has jurisdiction to decide whether the appellants' judicial lien is avoidable under 11 U.S.C. § 522(f), (2) appellants' claim is dischargeable under 11 U.S.C. § 348(d) and 11 U.S.C. § 727(b) and will be discharged upon entry of the order of discharge, (3) appellants' state court judgment against debtors does not violate the Bankruptcy Code, and (4) appellants' judicial lien is avoided under 11 U.S.C. § 522(f). See id., dkt. entry no. 11, 10-25-07 Order.  Appellants appealed from the 10-25-07 Order, and this Court, inter alia, (1) affirmed the portion of the 10-25-07 Order discharging appellants' claim against debtors, (2) dismissed the portion of the appeal pertaining to the Bankruptcy Court's decision that appellants' judicial lien is avoided under Section 522(f) without prejudice to reinstate the appeal, and (3) determined that In re Wedgewood Realty Group, Ltd., 878 F.2d 693 (3d Cir. 1989) did not apply to this situation.  (Dkt. entry no. 19, 9-22-08 Mem. Op. at 7, 16-17; dkt. entry no. 20, 9-22-08 Order.)

Appellants now move, inter alia, (1) for reconsideration of this Court's determination that In re Wedgewood is inapplicable, and (2) to reopen their appeal pursuant to this Court's Memorandum Opinion of September 22, 2008.  (Dkt. entry no. 21, Mot. for Recons.; dkt. entry no. 23, Mot. to Reopen.)  For the reasons stated herein, the Court will (1) deny appellants' motion for reconsideration, (2) grant appellants' motion to reopen the

appeal, and (3) affirm the part of the 10-25-07 Order avoiding appellants' judicial lien against debtors' real property under Section 522(f).

## BACKGROUND

Debtors moved to dismiss the complaint and cross-moved to discharge the debt and avoid appellants' judgment lien in appellants' adversary proceeding.  See Mot. to Dismiss.  The Bankruptcy Court, after holding a hearing on September 10, 2007 ("9-10-07 Hearing"), entered the 10-25-07 Order in which the Bankruptcy Court, inter alia, granted debtors' motion to avoid appellants' judicial lien and avoided the lien under Section 522(f).  See 10-25-07 Order.  The Bankruptcy Court noted that appellants did not oppose debtors' motion to avoid appellants' judicial lien and granted that motion as unopposed.  See id.; Adv. Proc. No. 07-1899, dkt. entry no. 22, 9-10-07 Hr'g Tr. at 19-23.

Appellants appealed from the 10-25-07 Order.  (Dkt. entry no. 1, Not. of Appeal.)  On appeal, appellants did not provide this Court with a transcript of the 9-10-07 Hearing, and thus, the Court was unable to discern the Bankruptcy Court's basis for granting debtors' motion to avoid appellants' judicial lien. (See 9-22-08 Mem. Op. at 15-16.)  The Court therefore, inter alia, (1) dismissed the portion of the appeal pertaining to the Bankruptcy Court's decision that appellants' judicial lien is

avoided under Section 522(f) without prejudice to reinstate the appeal once a proper record is provided to the Court, and (2) determined that In re Wedgewood did not apply to this situation. (Id. at 7, 16-17; 9-22-08 Order.)  Appellants now move, inter alia, (1) for reconsideration of this Court's determination that In re Wedgewood is inapplicable, and (2) to reopen their appeal pursuant to this Court's Memorandum Opinion of September 22, 2008.  (Mot. for Recons.; Mot. to Reopen.)  Appellants provided the Court with the 9-10-07 Hearing transcript.  (Mot. to Reopen.)

**DISCUSSION**

**I.   Jurisdiction and Standard of Review**

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees.  28 U.S.C. § 158(a).  A district court reviews a bankruptcy court's "legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof."  In re Am. Classic Voyages Co., 405 F.3d 127, 130 (3d Cir. 2005) (quotation and citation omitted); see Fed.R.Bankr.P. 8013 ("On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . .")  Also, the Court, when addressing mixed questions of law and fact, divides the questions

into their respective components and applies the appropriate standard to each.  In re Brown, 951 F.2d 564, 567 (3d Cir. 1991).

## II. Legal Standards

### A. Motion for Reconsideration

A motion for reconsideration is "an extremely limited procedural vehicle" that is very sparingly granted.  Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) (quotation and citation omitted); see also Yurecko v. Port Auth. Trans-Hudson Corp., 279 F.Supp.2d 606, 608 (D.N.J. 2003).  The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to advise of "an intervening change in the law." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001); see also Artista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 415 (D.N.J. 2005).  Reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the Court, or (2) the apparent purpose of the motion is for the movant to express disagreement with the Court's initial decision.  See Artista Recs., Inc., 356 F.Supp.2d at 416; Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision . . . ."); see also Auerbach v. Kantor-Curley Ped. Assocs., P.C., No. 01-854, 2004 WL 3037943, at

*1 (E.D. Pa. Dec. 30, 2004) (noting that motion for reconsideration is not to be used to re-litigate old issues, advance new theories, or secure rehearing on the merits). The movant must raise controlling facts or dispositive case law overlooked by the Court in rendering a decision, and concisely specify the suspect aspects of the decision with particularity. <u>Ciba-Geigy Corp. v. Alza Corp.</u>, No. 91-5286, 1993 WL 90412, at *1-*2 (D.N.J. Mar. 25, 1993). A motion for reconsideration should only be granted where facts or controlling legal authority were presented to, but not considered by, the Court. <u>Mauro v. N.J. Supreme Court</u>, 238 Fed.Appx. 791, 793 (3d Cir. 2007).

    **B.   Issues Raised on Appeal**

Where a party does not raise an argument in the bankruptcy court, that argument is generally waived, and the district court may not consider the argument on appeal. <u>Int'l Fin. Corp. v. Kaiser Group Int'l Inc. (In re Kaiser Group Int'l Inc.)</u>, 399 F.3d 558, 565 (3d Cir. 2005); <u>Madera v. Ameriquest Mortgage Co. (In re Madera)</u>, 388 B.R. 586, 590 n.3 (E.D. Pa. 2008). Questions of subject matter jurisdiction are an exception to this general rule. <u>In re Kaiser Group Int'l Inc.</u>, 399 F.3d at 565.

**III. Legal Standards Applied Here**

    **A.  Motion for Reconsideration**

Appellants argue that this Court erred as a matter of law in holding that <u>In re Wedgewood</u> does not apply to this situation.

6

(Mot. for Recons. at 2; dkt. entry no. 29, Appellants' Br. at 2-3; see also 9-22-08 Mem. Op. at 16-17.)  Appellants assert that In re Wedgewood is not limited to situations in which the automatic stay has lapsed; rather, it also applies where a court order lifted the stay.  (Appellants' Br. at 2.)  Appellants, however, are merely re-stating their prior arguments that In re Wedgewood, which requires that the standards for injunctive relief be satisfied before a court may reimpose a stay under Section 105(a), applies where, as here, the court is not asked to reimpose a stay.  See In re Wedgewood, 878 F.2d at 701; see also Mauro, 238 Fed.Appx. at 793 (stating that motions for reconsideration "may not be used to re-litigate old matters").  Appellants also have not established that facts or controlling legal authority were presented to, but overlooked by, the Court.  See Artista Recs., Inc., 356 F.Supp.2d at 416; Tehan, 111 F.Supp.2d at 549.  Thus, appellants have not satisfied the standards governing a motion for reconsideration.

    **B.   Issues Raised on Appeal**

Appellants argue that they did oppose debtors' motion to avoid appellants' judicial lien under Section 522(f), and the Bankruptcy Court erred in granting the motion as unopposed.  (Appellants' Br. at 2-3.)  Appellants assert that they opposed the motion, by arguing in their brief, that without an injunction reimposing the stay, the Bankruptcy Court did not have

7

jurisdiction over the judicial lien. (Id. at 3.)[1] Also, appellants note that they made arguments specific to Section 522(f) during the 9-10-07 Hearing. (Id.) The Court reviews the Bankruptcy Court's decision to grant debtors' cross motion to avoid appellants' judicial lien as unopposed for abuse of discretion. See In re Am. Classic Voyages Co., 405 F.3d at 130. Because the Court finds that the Bankruptcy Court did not abuse its discretion in granting the cross motion to avoid appellants' judicial lien as unopposed, the Court will affirm the Bankruptcy Court's decision.

   Debtors filed both a motion to dismiss appellants' complaint and a cross motion to avoid appellants' judicial lien. See Mot. to Dismiss. Appellants filed a letter brief in opposition, but neither discussed Section 522(f) in the letter brief, nor stated any opposition to – or even acknowledgment of – debtors' cross motion to avoid appellants' judicial lien. See Adv. Proc. No. 07-1899, dkt. entry no. 4, Appellants' Letter Br.; id. at 1 (stating letter brief is submitted "in opposition to the debtor's motion to dismiss this adversary proceeding"); id. at 13 ("The

---

[1] The Bankruptcy Court treated this argument as a jurisdictional argument pertaining to Count Three of the Complaint, and concluded that it did have jurisdiction to determine that appellants' judicial lien is avoidable under Section 522(f). See 9-10-07 Hr'g Tr. at 3-6; 10-25-07 Order. As noted in the Court's Memorandum Opinion of September 22, 2008, appellants did not preserve their jurisdictional argument on appeal. (See 9-22-08 Mem. Op. at 7 n.2.)

debtors have filed a motion to dismiss, nothing more."); id. at 15 ("The Court should deny debtors' motion to dismiss.  The debtors have not met the standard for a dismissal.").  Appellants raised arguments pertaining to Section 522(f) for the first time during the 9-10-07 Hearing.  See 9-10-07 Hr'g Tr. at 19-22.  There, the Bankruptcy Court determined, based upon appellants' failure to address it in their letter brief, that the debtors' cross motion to avoid appellants' judicial lien was unopposed.  Id. at 19-23.  Because appellants failed to address debtors' cross motion to avoid appellants' judicial lien in their letter brief, the Court finds that the Bankruptcy Court did not abuse its discretion in granting the cross motion as unopposed.  See IRS v. Patriot Contracting Corp., No. 06-2133, 2007 WL 433392, at *6 (D.N.J. Feb. 7, 2007) (finding Bankruptcy Court did not abuse its discretion by rejecting party's argument as not properly before it where the party did not address the argument in its written submissions and first raised the argument during oral argument).

The Court also will not now address appellants' arguments pertaining to Section 522(f).  (See Appellants' Br. at 3-5.)  These arguments were not properly raised in the Bankruptcy Court, and therefore have been waived on appeal.  See In re Kaiser Group Int'l Inc., 399 F.3d at 565; Buncher Co. v. Official Comm. of Unsecured Creditors of Genfarm Ltd. P'ship IV, 229 F.3d 245, 253

(3d Cir. 2000) (affirming district court's determination that issued was waived on appeal where party did not raise issue before the bankruptcy court); see also Patriot Contracting Corp., 2007 WL 433392, at *6 (noting that raising an issue for the first time at oral argument did not preserve the argument for appellate review).

## CONCLUSION

The Court, for the reasons stated supra, will (1) deny appellants' motion for reconsideration, (2) grant appellants' motion to reopen the appeal, and (3) affirm the part of the 10-25-07 Order avoiding appellants' judicial lien under Section 522(f).  The Court will issue an appropriate order.


                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated: January 8, 2009